| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MATTHEW MICHAEL JUAREZ, JR., | CASE NO. 1:17-cv-01550-DAD-MJS |
| Plaintiff, | **ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO AMEND OR RESPOND** |
| v. | |
| QUEEN FURNITURE, et al., | **(ECF NO. 1)** |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this complaint brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have

been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff purports to bring this action on behalf of himself and six other individuals. He names a myriad of Defendants. His allegations, in their entirety, state as follows: "On

2

January 23, 2013 several Delano PD officers assaulted me and worked in cooperation with others to have me lose my job with Calif. Dept. of Corrections." (ECF No. 1 at 5.) Attached to the complaint are over thirty non-consecutive pages of what appear to be diary entries, some relating to Plaintiff's interactions with law enforcement and others describing Plaintiff's upbringing and family life.

Plaintiff seeks money damages, "payment of all fines, jail time and DUI classes," a presidential pardon, and reinstatement with the California Department of Corrections and Rehabilitation.

## IV. Analysis

### A. Multiple Plaintiffs

Plaintiff appears to bring this action on behalf of multiple Plaintiffs who are not signatories to the complaint. However, Plaintiff is proceeding pro se in this matter and he is not authorized to represent others in this suit. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant may not appear as an attorney for others); Welch v. Terhune, 11 F. App'x 747, 747 (9th Cir. 2001) (same). Accordingly, the case should proceed only as to Plaintiff Matthew Michael Juarez, Jr.

### B. Statute of Limitations

Plaintiff complains of conduct that occurred in January 2013. It appears his claim is barred by the statute of limitations.

A claim may be dismissed on the ground that it is "barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed [for untimeliness] unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

Dismissal as time-barred at the pleading stage without leave to amend is inappropriate where a complaint alleges facts indicating potential tolling may apply. Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993).

No statute of limitations is set out in 42 U.S.C § 1983. However, federal civil rights claims are subject to the forum state's statute of limitations applicable to personal injury claims. Wilson v. Garcia, 471 U.S. 261, 275-76 (1985), partially superseded by statute as stated in Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369, 377-380 (2004). Therefore, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004); Lukovsky v. City & Cty. of S.F., 535 F.3d 1044, 1050-1051 (9th Cir. 2008).

### 1. Statutory Tolling

State law may toll the running of the statute of limitations on cases arising in that state and filed in Federal court. Hardin v. Straub, 490 U.S. 536, 543 (1989). Federal courts apply a forum state's law regarding tolling when not inconsistent with federal law. Id. at 537-39. In this case, California Code of Civil Procedure Section 352.1 tolls the running of California's statute of limitations for two years for people imprisoned for a term of less than life in prison. Although not entirely clear, it appears Plaintiff may have been imprisoned following the incident at issue.

Here, the facts suggest that Plaintiff had reason to know of his injury when the incident occurred. Thus, his claims accrued on January 23, 2013. Under state statutory tolling provisions, Plaintiff had a maximum of four years from the date his claims accrued to file suit. That would mean that Plaintiff would have had to file by January 23, 2017.

This complaint was filed on November 15, 2017. Therefore, Plaintiff's claims would be timed barred unless that period was extended by equitable tolling.

### 2. Equitable tolling

In California law, equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." Elkins v. Derby, 525 P.2d 81, 84 (Cal. 1974). It may apply where one action "stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." McDonald v. Antelope Valley Cmty. Coll. Dist., 194 P.3d 1026, 1032 (Cal. 2008).

Here, Plaintiff states no facts to suggest that equitable tolling applies. Accordingly, it appears that the claims are barred by the statute of limitations.

### C. Private Parties

Plaintiff names a variety of defendants who do not appear to be state actors, e.g., Queen Furniture, Motor City GMC Buick, Vallarta Supermarkets, and the like.

To bring a claim under section 1983, Plaintiff must show a deprivation of his rights committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (citations omitted). The presumption is that "conduct by private actors is not state action" but "'state action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922, 924 (9th Cir. 2011). Here, there are no facts to suggest that these defendants acted under color of state law to deprive Plaintiff of his rights. He therefore fails to state a section 1983 claim against them. He will be given leave to amend to attempt to cure this defect.

### D. Linkage

A plaintiff may not "lump all the defendants together" under a "team effort" theory of liability, but must, instead, "base each individual's liability on his own conduct." Chuman v. Wright, 76 F.3d 292, 295 (9th Cir. 1996). Thus, under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff does not allege facts regarding any particular defendants. It is unclear how anyone named in the complaint participated in the alleged violations. Plaintiff will be given leave to amend.

### E. Municipal Liability

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of respondeat superior, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused

the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

Plaintiff names municipal entities as defendants but does not suggest how a policy or omission of the County led to a violation of his constitutional rights. He therefore fails to state a claim on this basis. He will be given leave to amend.

### F. Excessive Force

As stated, Plaintiff's claims are inadequately pled and likely are barred by the statute of limitations. The Court nonetheless will provide Plaintiff the legal standard for bringing an excessive force claim in the event he chooses to amend.

A § 1983 claim for excessive force is analyzed under the framework outlined in Graham v. Connor, 490 U.S. 386 (1989). This analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the use of force was objectively reasonable under the circumstances." Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (quoting Graham, 490 U.S. at 396). The relevant question to ask is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting

them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Relevant factors in this reasonableness inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

**G. Attachments to Complaint**

As stated, Plaintiff submits with his complaint a series of unidentified documents, most of which do not appear to pertain to his allegations.

Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise and direct."); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("The Federal Rules require that averments 'be simple, concise, and direct.'").

The courts do grant leeway to pro se plaintiffs in construing their pleadings. Even with leeway and liberal construction, however, the complaint must not force the Court and Defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what." See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

In this regard, the Court cannot, and will not, sort through miscellaneous documents to try to divine therefrom whether anything contained therein may state a cognizable claim. If Plaintiff chooses to amend, he should simply, concisely, and directly set forth the factual allegations underlying in his claims in his amended complaint,

## V.     Conclusion and Order

Plaintiff's complaint appears to be barred by the statute of limitation and, in any event, does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and

4. If Plaintiff fails to comply with this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: December 3, 2017          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE