UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW MICHAEL JUAREZ, JR., | CASE NO. 1:17-cv-01550-DAD-MJS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE** |
| v. | |
| QUEEN FURNITURE, et al., | |
| Defendants. | **(ECF Nos. 1, 3)** |
| | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On December 4, 2017, the Court screened Plaintiff's complaint and concluded it was barred by the statute of limitations and, in any event, did not state a cognizable claim for relief. Plaintiff was ordered to either amend the complaint to cure the noted defects, to notify the Court of his election to stand on his complaint as written, or to voluntarily dismiss the action. (ECF No. 3.) Plaintiff did not respond to the Court's order and the time for doing so has passed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these

Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

| | |
|---|---|
| 1 | sanctions, at this stage in the proceedings there is little available which would constitute |
| 2 | a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff is |
| 3 | proceeding in forma pauperis and is likely unable to pay monetary sanctions, making |
| 4 | such sanctions of little use. |
| 5 | Based on the foregoing, it is HEREBY RECOMMENDED that the action be |
| 6 | dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and |
| 7 | failure to prosecute. |
| 8 | The findings and recommendation are submitted to the United States District |
| 9 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within |
| 10 | fourteen (14) days after being served with the findings and recommendation, any party |
| 11 | may file written objections with the Court and serve a copy on all parties. Such a |
| 12 | document should be captioned "Objections to Magistrate Judge's Findings and |
| 13 | Recommendation." Any reply to the objections shall be served and filed within fourteen |
| 14 | (14) days after service of the objections. The parties are advised that failure to file |
| 15 | objections within the specified time may result in the waiver of rights on appeal. |
| 16 | Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 |
| 17 | F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: January 16, 2018            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

3